283 So.2d 220 (1973)
STATE of Louisiana, Appellee,
v.
Arthur HILLS and Leroy Smith, Appellants.
No. 53483.
Supreme Court of Louisiana.
September 24, 1973.
*221 Allen C. Hope, Jr., Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendants were convicted of simple burglary, La.R.S. 14:62, and sentenced to five years in the penitentiary. The principal issue raised by their appeal relates to denial of their motion to suppress certain evidence as unconstitutionally seized.
The apartment of Mrs. Doris Williams was burglarized during the early evening hours of December 22, 1972. Two television sets, a radio, a phonograph, and other property were stolen. Mrs. Williams and the police discovered this property some two hours later in the nearby apartment of the defendant Hills' mother in the same housing project. The motion to suppress is based upon the warrantless seizure of this property.
The Context Facts:
The two police officers did not arrive until about two hours after Mrs. Williams reported the burglary. In the meantime, she had learned from neighbors that the property stolen from her was in the first floor apartment three doors down. She also knew from her neighbors of the probable identity of the burglars.
The defendant Hills had formerly lived in this apartment for several months. His mother had rented it. About two weeks before the burglary, the mother had moved to another address, but some of her property was still in the premises.
The two policemen, Mrs. Williams, and her twelve-year-old daughter went to the Hills' apartment. They knocked, but the front door was locked. One of the policemen, Mrs. Williams, and her daughter went around the building to the back door and found the door locked. Mrs. Williams knocked without result. The policeman walked away. The defendant Hills then stuck his head out the door, and Mrs. Williams walked in. She screamed that her property was there when she saw it.
The policemen rushed in. They arrested the defendants and seized the property sought to be suppressed.
Issue:
The defendants contend that the police entry into the Hills' apartment without a warrant was unlawfulthat the police should have gotten a search warrant upon learning that there was probable cause to suspect the stolen property was in it. They argue that the state cannot manufacture the exigent circumstances permitting a warrantless search, i. e., by having the woman enter the apartment and scream for help, whereupon the police upon coming to her rescue saw the stolen articles in plain view.
The state's defense to this contention is that it was not a contrived maneuver to *222 gain a warrantless entry, concededly improper.
Legal Principles Applicable:
Under the Fourth Amendment, warrantless seizures are per se unreasonable, unless justified by one of the exceptions to the requirement for a search warrant. Coolidge v. New Hampshire, 403 U. S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Probable cause to believe that an article is concealed in a dwelling house does not, for instance, furnish justification to search that place without a warrant. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925).
One of the exceptions to the requirement for a search warrant is that police officers may seize evidence in their plain view. However, as reiterated in Coolidge v. New Hampshire, cited above at 91 S.Ct. 2037-2040, criteria for application of this exception prevent law enforcement officers from manufacturing the circumstances which permit their plain view of the property to be seized:
First, the intrusion of the police officers must have a prior justification. The justification can be a warrant to search for another object, hot pursuit, a search incident to a lawful arrest or some other legitimate reason for being present unconnected with a search directed against the accused. 91 S.Ct. 2038-2039. Second, during the course of the justified intrusion, the police officer must inadvertently come across a piece of evidence incriminating the accused. 91 S.Ct. 2040-2041.
In the present case, the officers entered the premises in response to Mrs. Williams' scream, under circumstances they could reasonably believe was a yell for help. Police officers may validly enter premises in response to a plea of a person in peril. Cf., Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963) and Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 1195-1196, 2 L.Ed. 2d 1332 (1958).
Under the circumstances, and upon our finding that Mrs. Williams' entry into the apartment was not a planned maneuver to gain unauthorized access, we find no error in the denial of the motion to suppress, although the issue is extremely close.
After the police had knocked on the front door and no one answered, they informed Mrs. Williams they could not search the apartment without a warrant. Unsatisfied that no one was in the apartment, she went to the back and knocked. When the defendant Hills opened the door and backed away, she saw her property and immediately ran in, screaming and hysterical.
A policeman had gone around to the back with her. After her initial knocking without response, he had walked to the corner of the building and was returning to the front. He told Mrs. Williams to call him if anyone came out.
Thus, up to the time the defendant Hills opened the locked back door, the policemen were investigating and trying to gain lawful entry, if someone was in the premises and gave permission, to verify or disprove the report that the stolen property was in the apartment. If Hills had opened the door and refused permission, or if the door had never been opened, the record supports the implication that the police officers would have obtained a search warrant, keeping the apartment under surveillance in the meanwhile.
However, through circumstances beyond their control, they had no opportunity to request a consent to entry nor to obtain a search warrant. When Hills opened the back door and looked out, Mrs. Williams rushed in and screamed upon seeing her property.
The unpremeditated and instinctive act of the policemen in rushing to her aid through the unlocked door does not, under *223 the circumstances, constitute an unjustified intrusion. On that intrusion into the kitchen, from it the stolen property was in plain view, scattered over the living room floor. It was lawfully seized, under the plain view exception.
Conclusion
The three other bills (two as to motions denying pre-trial discovery and one as to the denial of a new trial) are not meritorious under present jurisprudence.
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.